IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PATTIE LYNN REEVES                                                        PLAINTIFF

vs.                         Civil No. 1:15-cv-01033

CAROLYN COLVIN                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Pattie Lynn Reeves ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed on January 30, 2012. (Tr. 13, 125-136). Plaintiff alleged she was disabled due to heart problems, gout, hepatitis, carpal tunnel, shoulder, neck, leg, knee, hip and low back pain, and high blood pressure. (Tr. 169). Plaintiff alleged an onset date of June 1, 2011. (Tr. 169). These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

reconsideration.  (Tr. 13).  Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted.  (Tr. 83-85).

Plaintiff's administrative hearing was held on July 26, 2013.  (Tr. 28-56).  Plaintiff was present and was represented by non-attorney representative, Elisha Burrell Bonner, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Mack Welch, testified at the hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-three (53) years old and had completed the 11th grade.  (Tr. 32-33).

On November 8, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 13-21).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016.  (Tr. 15, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2011.  (Tr. 15, Finding 2).

The ALJ determined Plaintiff had the severe impairments of carpal tunnel syndrome, hypertension, osteoarthritis, coronary artery disease, degenerative disk disease, and morbid obesity.  (Tr. 15, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 16-21).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work.  (Tr. 16, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 21, Finding 6).  The ALJ found Plaintiff was capable of performing her PRW as a grocery clerk.  *Id.*  Based upon this finding,

the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 1, 2011 through the date of the decision. (Tr. 21, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 9). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 13, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 3, 2015. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the weight given the opinions of Plaintiff's physicians and (B) in failing to properly consider Plaintiff's complaints of

4

pain. ECF No. 13, Pgs. 9-15. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

### A. ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of Dr. Joseph Sarnicki and Dr. Amy Givler in assessing Plaintiff's RFC. ECF No. 13, Pgs. 9-13. However, Plaintiff's argument is without merit.

On April 2, 2012, Dr. Sarnicki completed a Multiple Impairment Questionnaire on Plaintiff. (Tr. 257-264). In the Questionnaire, Dr. Sarnicki stated Plaintiff had severe limitations in standing, walking, lifting, and carrying, and could not do a full-time job. (Tr. 257-262).

The ALJ was correct in not assigning significant weight to the opinions of Dr. Sarnicki. (Tr. 19). The ALJ properly noted Dr. Sarnicki's opinion appeared to be based in large part on Plaintiff's

subjective complaints rather than the objective findings. *Id.* The ALJ also relied on and stated the examination findings and observations of other physicians did not support the significant restrictions found by Dr. Sarnicki. *Id.* Indeed, in the Questionnaire, Dr. Sarnicki listed high uric acid level causing Plaintiff's gout, and he referenced a September 2010 laboratory result when Plaintiff was noncompliant with medication. (Tr. 221). However, laboratory results dated after September 2010 consistently showed medications controlled Plaintiff's uric acid level and gout. (Tr. 231, 311, 317). Dr. Sarnicki also listed carpal tunnel syndrome and osteoarthritis as causing Plaintiff's pain, but the record shows he provided only conservative treatment, consisting of hand splints and over-the-counter medications only. (Tr. 257).

On October 23, 2012, Dr. Givler also completed a Multiple Impairment Questionnaire on Plaintiff. (Tr. 316-323). In the Questionnaire, Dr. Givler found Plaintiff had severe limitations in standing, walking, lifting, and carrying, and could not do a full-time job. (Tr. 316-321).

As was the case with Dr. Sarnicki, the ALJ was correct in giving the opinions of Dr. Givler little weight. (Tr. 20). The ALJ properly noted Dr. Givler's treatment notes did not support her opinion regarding Plaintiff's functional limitation. (Tr. 20). On January 31, 2012, Dr. Givler began to treat Plaintiff for gout, hypertension, obesity, and degenerative joint disease, and she gave her a "good" prognosis. (Tr. 316). Dr. Givler also noted Plaintiff's carpal tunnel syndrome was stable with use of splints. (Tr. 316-317). Additionally, x-ray examinations of Plaintiff's neck were essentially normal, showing normal vertebra alignment and height; normal soft tissue and no fractures; and moderate degenerative changes at C6-7. (Tr. 227). Finally, Dr. Givler recommended Plaintiff move as much as possible and increase her physical activity. (Tr. 373, 383).

The ALJ properly decided to give less than significant weight to the restrictive limitations found by Dr. Sarnicki and Dr. Givler. The ALJ committed no error in his treatment of medical

opinions from Plaintiff's physicians.

### B. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 13. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 14.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

[the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 17-20). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff' conservative medical treatment her alleged impairment, (5) Plaintiff's non-compliance with medical treatment, and (6) Plaintiff's use of medicines to control and resolve impairments. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff

complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **8th day of March 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE